IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JERRY HANSEN, | ) | CASE NO. 4:12CV3048 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion to Dismiss. (Filing No. 8.) As set forth below, the Motion is denied.

## I.  BACKGROUND

Petitioner filed his Petition for Writ of Habeas Corpus ("Petition") in this matter on March 12, 2012. (Filing No. 1.) The Petition sets forth one claim, that Petitioner was denied due process of law in violation of the Fourteenth Amendment because he has repeatedly and arbitrarily been denied parole, despite his eligibility, and has never been "counseled of his progress or prospects for future parole." (*Id.*) Petitioner seeks immediate release "from imprisonment" on parole. (*Id.* at CM/ECF p. 1.)

On April 9, 2012, Respondent filed a Motion to Dismiss (Filing No. 8) and Brief in support (Filing No. 9). However, Respondent did not file any State Court Records. (*See* Docket Sheet.) Respondent argues that the Petition should be dismissed because it fails to state a claim upon which relief may be granted and because this court lacks subject matter jurisdiction. (Filing No. 9.) Petitioner filed an Objection to the Motion to Dismiss. (Filing No. 10.)

## II.   ANALYSIS

Summarized, Respondent argues that the Petition must be dismissed because "Section 2254 does not afford this court subject matter jurisdiction" over Petitioner's claims relating to his failure to be paroled, or released, from prison. (Filing No. 9 at CM/ECF p. 3.) As set forth in 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, the Supreme Court has long held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011), ("Habeas is the exclusive remedy, we reaffirmed, for the prisoner who seeks "immediate or speedier release" from confinement."); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996), (noting that the prisoner's "label" of his case is not controlling and that where a "petitioner seeks a writ of habeas corpus" attacking the length of his state custody, "[i]t is the substance of the relief sought which counts"). This extends to habeas corpus actions seeking release on parole. *Smallwood v. Missouri Bd. of Prob. and Parole*, 587 F.2d 369, 371 (8th Cir. 1978), (finding that habeas corpus is the "proper federal remedy" for challenge to action denying the petitioner parole because the petitioner, "in effect, seeks release from confinement");

Here, Respondent argues that the court lacks subject matter jurisdiction because Petitioner does not seek relief that would result in Petitioner's "speedier release" from

2

custody. (Filing No. 9.) The court disagrees. As the court already determined, Petitioner's claim asserts a violation of his constitutional right to due process during the parole process. (Filing No. 1.) The only relief sought by Petitioner is immediate release from prison on parole. (*Id.* at CM/ECF p. 1.) Thus, if the court granted Petitioner the relief he seeks, he will have received a "speedier release" than his current life sentence. As set forth above, a habeas corpus action is the appropriate vehicle in which to raise Petitioner's claims. As such, the Motion to Dismiss is denied.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion to Dismiss (Filing No. 8) is denied. Petitioner's Objection to the Motion to Dismiss (Filing No. 10) is granted;

2. This matter is progressed on the merits as follows:

   A. By **August 3, 2012**, Respondent shall file <u>all</u> state court records which are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

   B. No later than 30 days after the filing of the relevant state court records, Respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

   C. Copies of the answer, the designation, and Respondent's brief shall be served upon Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a

> motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.
>
> D. No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.
>
> E. No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.
>
> F. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **September 3, 2012**: check for Respondent to file answer and separate brief; and

3. No discovery shall be undertaken without leave of the court. See Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 20th day of June, 2012.

> BY THE COURT:
>
> s/Laurie Smith Camp
> Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.