IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JERRY HANSEN, | ) | CASE NO. 4:12CV3048 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court on Respondent's Motion to Dismiss. (Filing No. 15.) In support of his Motion, Respondent filed Exhibits (Filing Nos. 15-1, 15-2, and 15-3), State Court Records (Filing No. 12), and a Reply Brief (Filing No. 22). Petitioner Jerry Hansen ("Hansen") filed an Objection to the Motion (Filing No. 19) and a Response to the Reply Brief (Filing No. 23). As set forth below, the Motion to Dismiss is granted.

## *BACKGROUND*

    On May 3, 1965, Hansen pled guilty to one count of second degree murder and was thereafter sentenced to life imprisonment. (Filing No. 12-1 at CM/ECF pp. 1-2.) Hansen has been incarcerated, and has been serving that sentence, since 1965. (Filing No. 15-1 at CM/ECF p. 1.) Hansen filed his Petition for Writ of Habeas Corpus ("Petition") in this court on March 12, 2012. (Filing No. 1.) Liberally construing the allegations of the Petition, Hansen alleges that he was denied due process of law in violation of the Fourteenth Amendment because he has repeatedly and arbitrarily been denied parole, despite his eligibility, and has never been "counseled of his progress or prospects for future parole." (*Id.*) At approximately the same time, Hansen filed a "Motion for Writ of Mandamus" in the Lancaster County District Court, in which he sought the same relief he seeks here. (Filing No. 15-1 at CM/ECF pp. 1-3; Filing No. 1.) The Lancaster County District Court denied

Hansen's request for relief on July 5, 2012. (Filing No. 15-1 at CM/ECF pp. 1-3.) Hansen appealed that decision, and the appeal is still pending as of the date of this Memorandum and Order. (Filing No. 15-2 at CM/ECF p. 1; Filing No. 15-3 at CM/ECF p. 1.)

### *ANALYSIS*

Respondent argues that Hansen has not subjected his habeas claims to "one complete round" of review in the Nebraska state courts and, as such, all claims raised in the Petition are unexhausted and the Petition must be dismissed.[1] The court agrees. As set forth in 28 U.S.C. § 2254(b)(1):

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (I) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

---

[1]Respondent has also addressed the merits of Hansen's federal habeas claims. (Filing No. 18.) However, because the court finds that the claims are unexhausted, it will not address the merits of Hansen's claims.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See *Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Respondent argues that Hansen has not subjected his federal habeas claims to one complete round of state court review. (Filing No. 15.) The court agrees. There is no question that Hansen has asserted his federal habeas claims in his state-court "Motion for Writ of Mandamus" and on appeal. As such, Hansen's federal habeas claims, as set forth in the Petition in this matter, are still pending in state court and are therefore unexhausted. Thus, the Motion to Dismiss is granted and the Petition is dismissed. However, the Petition will be dismissed without prejudice to reassertion after exhaustion.[2] The court warns Hansen that the statute of limitations for filing a second petition after he exhausts his federal habeas claims in state court is narrow. Hansen should read and comply with the relevant statute of limitations. See 28 U.S.C. § 2244(d)(1-2).

---

[2]To be clear, this Memorandum and Order and accompanying Judgment is not a determination of the merits of Hansen's federal habeas claims. In the event that Hansen fully exhausts his state court remedies, he will be able to return to this court without fear of the later petition being deemed "successive." *Burton v. Stewart*, 549 U.S. 147 (2007) ("A habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a second or successive petition.") (quotation omitted).

IT IS THEREFORE ORDERED that:

1. Respondent's Motion to Dismiss (Filing No. 15) is granted, and the Petition is dismissed without prejudice;

2. A separate judgment will be entered in accordance with this Memorandum and Order; and

3. All other pending Motions and Objections are denied.

DATED this 5th day of December, 2012.

BY THE COURT:


s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.