IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JERRY HANSEN, | ) | CASE NO. 4:12CV3048 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Motion to Reopen, which the court liberally construes as a Motion for Relief Under Federal Rule of Civil Procedure 60(b). (Filing No. 26.)

On December 5, 2012, the court dismissed Petitioner's Petition for Writ of Habeas Corpus ("Petition") without prejudice and entered Judgment against him because he failed to exhaust state court remedies before filing his Petition. (Filing Nos. 24 and 25.) Liberally construed, Petitioned seeks relief from the court's Judgment pursuant to Fed. R. Civ. Pro. 60(b)(6). (Filing No. 26.) Rule 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988). However, "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch,* 413 F.3d 866, 871 (8th Cir. 2005).

The court has carefully reviewed Petitioner's Motion. Petitioner argues that he exhausted his state court remedies before the court entered its December 5, 2012,

Memorandum and Order and Judgment. (Filing No. 26.) However, no authenticated state court records show that Petitioner has done so. Thus, the court will deny Petitioner's Motion to Reopen.

However, on the court's own motion, Petitioner shall have the opportunity to submit an amended petition that only presents exhausted claims. If Petitioner chooses to amend his petition to assert only exhausted claims, he must do so no later than 10 days from the date of this order. Petitioner shall accompany any amended petition with a motion to reopen that clearly identifies which claims have been exhausted in state court.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion to Reopen Case (Filing No. 26), liberally construed as a Motion for Relief Under Rule 60(b), is denied;

2. Petitioner shall have the opportunity to submit an amended petition that only presents exhausted claims. If Petitioner chooses to amend his petition to assert only exhausted claims, he must do so no later than 10 days from the date of this order. Petitioner shall accompany any amended petition with a motion to reopen that clearly identifies which claims have been exhausted in state court; and

3. Petitioner's Motion to Rule on State Remedies (Filing No. 27) is denied.

DATED this 11th day of February, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.