## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JERRY HANSEN, | ) | CASE NO. 4:12CV3048 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on its own motion.  On December 5, 2012, the court dismissed Petitioner's Petition for Writ of Habeas Corpus ("Petition") without prejudice and entered Judgment against him because he failed to exhaust state court remedies before filing his Petition.  (Filing Nos. 24 and 25.)  On December 12, 2012, Petitioner sought relief from the court's Judgment pursuant to Fed. R. Civ. Pro. 60(b)(6).  (Filing No. 26.)  In his Motion, Petitioner argued that he exhausted his state court remedies before the court entered its December 5, 2012, Memorandum and Order and Judgment.  (Filing Nos. 26 and 28.)  However, Petitioner presented no authenticated state court records supporting his argument.  (*Id.*)  The court denied Petitioner's Motion to Reopen, but gave him the opportunity to submit an amended petition that only presented exhausted claims.  (Filing No. 28.)  In doing so, the court instructed Petitioner to accompany any amended petition with a motion to reopen that clearly identified which claims he exhausted in state court. (*Id.*)

On February 19, 2013, Petitioner filed an Amended Petition.  (Filing No. 29.) Petitioner did not include a motion to reopen, as the court instructed.  (*See* Docket Sheet.) In his Amended Petition, Petitioner states that he "cannot obtain a certified copy of the [state court decisions] due to poverty, old age limitations, and [because he] just plain

doesn't know how to get certified copies and neither does anybody else in prison." (Filing No. 29.) Again, the record before the court shows that Petitioner failed to subject his federal habeas claims, namely that he was denied due process because he was not "counseled of his progress or prospects of future parole," to one complete round of state court review before filing his Petition.[1] (Filing No. 24; Filing No. 29 at CM/ECF p. 3; Filing No. 1 at CM/ECF p. 2.) Accordingly,

IT IS THEREFORE ORDERED that the court will not act upon Petitioner's Amended Petition and his case remains dismissed in accordance with the court's December 5, 2012, Memorandum and Order and Judgment.

DATED this 14th day of May, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

[1]Even if Petitioner had shown that he exhausted his claims, he does not allege that he was not provided with an opportunity to be heard regarding his requests for parole or that he was not provided with notice of the reasons why his requests for parole were denied. (Filing No. 1.) The Constitution does not require counseling regarding his progress or his possibility of future parole. *See Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011)* (concluding, where a state-created liberty interest in parole exists, the Constitution requires that in denying parole, the state only needs to provide the prisoner with an opportunity to be heard and a statement of the reasons why parole was denied).

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.